# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1237V
Filed: October 26, 2023

| | |
|---|---|
| JACK ROBERT DAY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*David John Carney*, Green & Schafle LLC, Philadelphia, PA, *for petitioner*.
*Howard Dale Mishkind*, Mishkind Kulwicki Law Co., L.P.A., Cleveland, OH, *former counsel for petitioner*
*Steven Santayana*, U.S. Department of Justice, Washington, DC, *for respondent*.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

  On April 16, 2021, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered a shoulder injury related to vaccine administration ("SIRVA") following his September 27, 2018 influenza vaccination. (ECF No. 1.) Petitioner's counsel was substituted on January 10, 2023. (ECF No. 35.) On January 5, 2023, departing counsel, Mr. Mishkind, filed a motion for interim attorneys' fees and costs totaling $28,993.56, including $28,565.00 in attorneys' fees and $428.56 in attorneys' costs. (ECF No. 30.) Respondent filed a response to the motion on January 18, 2023, deferring to the special master regarding both the appropriateness of an interim award of attorney's fees and costs and a reasonable amount for any such award. (ECF No. 39.) Respondent subsequently filed a Rule 4

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Report recommending against compensation in this case (ECF No. 46) and entitlement to compensation is still being litigated to date.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Even if their claim is unsuccessful, petitioners are entitled to an award of reasonable attorneys' fees and costs if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Federal Circuit has additionally concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit held that, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so. *Compare Wood v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297 (2011). In this case, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. I have reviewed counsel's billing records. The hours requested appear reasonable and counsel has charged hourly rates consistent with what he has previously been awarded. Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). I have reviewed the invoices counsel has submitted. I find the documentation to be adequate and the costs incurred to have been reasonable.

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED.** Petitioner is awarded $28,993.56, including $28,565.00 for interim attorneys' fees and $428.56 for interim attorneys' costs. **Accordingly, I award a total of $28,993.56 as a lump sum in the form of a check payable to petitioner and his counsel, Howard Dale Mishkind, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.